91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward L. PRESLEY, Plaintiff-Appellant,
v.
UNITED STATES of America; U.S. Department of Interior;
Bureau of Land Management; Secretary of Interior, Bruce
Babbitt; U.S. Department of Agriculture; U.S. Forest
Service and Mike Espy, Secretary of Agriculture, Defendants-Appellees.
 No. 94-17035.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward L. Presley, appeals pro se the district court's (1) dismissal of his actions brought against the United States Department of Agriculture, the Forest Service, and the Secretary of Agriculture (collectively "Department of Agriculture defendants") and (2) the district court's summary judgment for the Bureau of Land Management and the Secretary of the Department of the Interior. Department of the Interior ("DOI"). Presley challenged the Bureau of Land Management's ("BLM") implementation of a congressionally mandated rule imposing a $100 rental fee on holders of unpatented mining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 At the time he filed his complaint, Presley did not own an interest in any unpatented mining claims. Therefore, he lacked constitutional standing because he did not have any legally protected interest that faces an actual or imminent injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir.1987). Accordingly, the district court properly dismissed Presley's actions for lack of subject matter jurisdiction. See Defenders of Wildlife, 504 U.S. at 560; Hong Kong Supermarket, 830 F.2d at 1081.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Presley lacks standing, we need not address his contention that the abandonment provision of the Appropriations Act constituted a taking subject to the requirements of Executive Order No. 12,630. See Exec.Order No. 12,630, 53 Fed.Reg. 8859 (1988)